IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JUAN MANUEL ORTIZ-ALVEAR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 308-055 |
| | ) |
| WALT WELLS, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Two of Petitioner's objections merit further discussion, but they do not change the Court's opinion with respect to the Report and Recommendation.

Petitioner first objects to the portion of Magistrate Judge's recommendation rejecting Petitioner's argument that he should be allowed to serve his state and federal sentences concurrently pursuant to 18 U.S.C. § 3584(a). In rejecting this argument, the Magistrate Judge noted that in cases such as Petitioner's, "where sentences are imposed at different times and the sentencing judge does not specify whether the sentences are to be served concurrently or consecutively," the statutory presumption provides that sentences are to be served consecutively. (Doc. no. 34, p. 5 (citing 18 U.S.C. § 3584(a); United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993))). Petitioner states in his objections that six

other appellate courts have held that this statutory presumption does not apply "where the federal sentencing court is silent as to whether the sentence is to be served concurrently or consecutively." (Doc. no. 40, p. 3). Though Petitioner does not cite any case law in support of this objection, the Court recognizes that this interpretation of the statute has been adopted by the Second, Fourth, and Sixth Circuits. See United States v. Smith, 472 F.3d 222, 226-27 (4th Cir. 2006); United States v. Quintero, 157 F.3d 1038, 1040 (6th Cir. 1998); McCarthy v. Doe, 146 F.3d 118, 121-22 (2d Cir. 1998). However, the Eleventh Circuit Court of Appeals has not recognized this interpretation, and this Court is bound to follow the law of this Circuit. Accordingly, Petitioner's objection is **OVERRULED**.

Petitioner goes on to contend that he should have been given credit toward his federal sentence for time spent in "official detention" prior to his state and federal prosecutions, even though he has received credit for this time on his state sentence. The issue Petitioner raises is governed by 18 U.S.C. § 3585(b) and by Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCA of 1984),[1] which implements the congressional mandate of 18 U.S.C. § 3585(b).

18 U.S.C. § 3585(b) provides:

**(b) Prior Custody Time Credit.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

**(1)** as a result of the offense for which the sentence was imposed; or

---

[3] Program Statements, the BOP's internal agency guidelines, are entitled to some deference from the courts. Reno v. Koray, 515 U.S. 50, 61 (1995).

2

**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Petitioner's argument that he is entitled to credit towards both his state and federal sentences is misguided, as the Supreme Court has ruled that Congress made clear that a defendant could not receive double credit for his detention time.[2] United States v. Wilson, 503 U.S. 329, 337 (1992). The Court also notes that in an unpublished opinion, the Eleventh Circuit affirmed the denial of a petition requesting credit for time served, concluding, "Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period had not been credited against another sentence." Castillo v. Fed. Corr. Inst. of Tallahassee, 163 Fed. App'x 803, 804 (11th Cir. 2006); see also Chaplin v. United States, 451 F.2d 179, 181 (5th Cir. 1971)[3] (holding petitioner was not entitled to credit toward his federal sentence for such time spent in state custody). Because Petitioner has received credit toward his state sentence for time spent in "official detention," he is not entitled to credit on his federal sentence for the time he spent in state custody. Thus, this objection is without merit and is **OVERRULED**.[4]

---

[2]In the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., which became effective in 1987, Congress rewrote § 3568 and recodified it at § 3585(b). Wilson, 503 U.S. at 332.

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[4]The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the United States Attorney's Office, Stacey N. Stone, and Harley G. Lappin are **DISMISSED** as improper party Respondents, the petition is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent Wells.

SO ORDERED this 24th day of June, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE